NOT DESIGNATED FOR PUBLICATION

No. 112,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL JOSEPH WITHAM,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed February 5, 2016. Reversed and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Ian D. Tomasic*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.


*Per Curiam*:  The Wyandotte County District Court found Defendant Daniel Witham to have absconded while on probation and, therefore, ordered that he serve his underlying sentence on two felonies. Witham has appealed. The district court entered its order before this court defined absconding in *State v. Huckey*, 51 Kan. App. 2d 451, 348 P.3d 997, *rev. denied* 302 Kan. ___ (2015). Consistent with *Huckey*, the evidence failed to show Witham absconded. We, therefore, reverse the district court's revocation order and remand for further proceedings.

1

The State charged Witham with serious felonies stemming from a police chase in late 2013. Witham and the prosecutor entered into a plea agreement calling for guilty pleas to aggravated assault of a law enforcement officer, a severity level 6 person felony, and to eluding a police officer, a severity level 9 person felony. The State dismissed two felony drug charges and agreed to a joint sentencing recommendation calling for a downward dispositional departure to probation for 24 months with an underlying prison sentence of 43 months.

In April 2014, the district court followed the plea agreement, citing Witham's drug addiction and need for treatment. The district court, however, expressed reservations about the leniency of the punishment in light of Witham's lengthy criminal history and the seriousness of the charges.

Four months later, the State filed a motion to revoke Witham's probation because he had failed to report to his supervising probation officer five times between June 26 and August 7, had missed two scheduled drug tests, had not completed a substance abuse assessment, and had made no payments on the court costs. The motion also alleged Witham had been arrested four times since being placed on probation.

At a hearing on the motion on August 29, Witham stipulated to the violations except as related to the new criminal charges. The State argued that Witham had absconded and, therefore, should serve his underlying sentence. Witham countered that although he had failed to report as scheduled, he was not an absconder and should be reinstated on probation with or without an intermediate sanction. The district court found Witham had absconded and had taken no substantive steps to deal with his drug problem. On that basis, the district court revoked the probation and ordered Witham to serve the prison sentence. Witham has appealed.

As provided in K.S.A. 2015 Supp. 22-3716(c), a district court typically may not revoke a defendant's probation and require he or she serve the underlying prison sentence for a first violation. Rather, a district court may impose an intermediate sanction entailing a limited period of incarceration coupled with reinstatement of probation. There are a few exceptions that permit a district court to order a defendant to prison for a first probation violation. Absconding from supervision is one, and it is the one on which the district court relied. K.S.A. 2015 Supp. 22-3716(c)(8).

In *Huckey*, this court held that consistent with the statutory scheme for probation outlined in K.S.A. 2014 Supp. 22-3716, absconding entails more than simply failing to report as required. 51 Kan. App. 2d at 457. Rather, the probationer must have "fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 458. Here, the State presented no evidence Witham had left the jurisdiction or had otherwise gone underground to avoid being found. Ironically, his frequent arrests after being placed on probation demonstrate just the opposite. We, therefore, hold that the district court erred in declaring Witham an absconder and in revoking his probation for that reason.

The State suggests we disregard *Huckey* because the Interstate Compact for Adult Offender Supervision, codified in Kansas as K.S.A. 22-4110, arguably incorporates a definition of "abscond" broader than the one recognized in that decision. See Rule 1.101 (defining "abscond" as "to be absent from the offender's approved place of residence or employment and avoiding supervision") (accessed February 1, 2016, at http://www.interstatecompact.org/Legal/RulesStepbyStep/Chapter1/Rule1101.aspx) (A copy of the cited portion of the rule has been placed in the appellate court file.) But the Compact applies only to persons placed on probation in another state who have had their reporting requirements transferred to a Kansas probation officer for oversight. The Compact does not apply to Witham. The State further suggests that dual definitions for

3

absconding in the two probation regimens reflects a shortsighted public policy. Maybe. But the fix for that kind of problem is a legislative correction, not a judicial one.

The State also cites *State v. Carpenter*, No. 111,029, 2015 WL 770208 (Kan. App. 2015) (unpublished opinion), as supporting its position. We find the authority unpersuasive. First, *Carpenter* is an unpublished decision and lacks precedential weight. Second, it predates *Huckey*. And finally, the actual discussion of the point in *Carpenter* is quite brief and is obviously dicta addressing an alternative ground on which the district court revoked the defendant's probation in that case. See 2015 WL 770208, at *5. We decline to follow *Carpenter* over *Huckey*.

We remand to the district court to consider whether Witham should be required to serve his underlying prison sentence based on another exception in K.S.A. 2015 Supp. 22-3716(c) or whether imposing some intermediate sanction or simply reinstating his probation would better serve his interests and those of the community.

Reversed and remanded for further proceedings.